# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

PEOPLE OF THE STATE OF CALIFORNIA,

    Plaintiff,

 v.

JOSE DE JESUS RODRIGUEZ, JR.,

    Defendant.

No. 2:17-mc-00188-KJM-CKD

ORDER

    On December 4, 2017, defendant Jose De Jesus Rodriguez, Jr. ("Rodriguez"), proceeding *pro se*, removed this criminal action from San Joaquin County Superior Court. Removal Not., ECF No. 1. For the following reasons, the court REMANDS the case to San Joaquin County Superior Court.

    A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, even when the parties have not raised the issue. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *accord Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

    When a state court criminal prosecution is removed, the court must "examine the notice [of removal] promptly" upon its filing, and "[i]f it clearly appears on the face of the notice

1

and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Only under narrow and limited circumstances may a state court criminal prosecution be removed to federal court. For example, 28 U.S.C. §§ 1442(a) and 1442a permit removal under certain circumstances when a federal officer or member of the armed forces is subject to criminal prosecution. Also, 28 U.S.C. § 1443(1) permits removal of a state court criminal case commenced "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]" Removal under 28 U.S.C. § 1443(1), however, requires the removing party's notice of removal to: (1) "assert, as a defense to the prosecution, rights that are given to [petitioner] by explicit statutory enactment protecting equal racial civil rights"; and (2) "assert that the state courts will not enforce that right, . . . supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006) (citation omitted)..

        Here, Rodriguez's notice does not identify any statute or other authority warranting removal and therefore cannot satisfy his burden of establishing the court's subject matter jurisdiction over this action. 28 U.S.C. § 1455(a), (b)(2) (when a state court criminal proceeding is removed to federal court, the notice of removal must include all grounds for removal). His removal notice cites 28 U.S.C. §§ 1253,[1] 1331,[2] 1343[3] and Federal Rule of Criminal Procedure 11 as bases for removal. Removal Not. at 1. Neither the cited statutes nor Rule 11 trigger federal jurisdiction. Rodriguez's other cited grounds for federal jurisdiction are

---

[1] 28 U.S.C. § 1253 permits "appeal to the Supreme Court from an order granting or denying, after notice and hearing, an interlocutory or permanent injunction in any civil action, suit or proceeding required by any Act of Congress to be heard and determined by a district court of three judges."

[2] 28 U.S.C. § 1331 provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] 28 U.S.C. § 1343(a) provides district courts with original jurisdiction of certain civil rights and elective franchise civil actions.

likewise unavailing, as they do not fall within the limited exceptions under which a criminal prosecution may be removed. *See* Removal Not. at 2, 3-6 (citing his request for "injunctive relief . . . to both prepare a defense under the Due Process Clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and to enjoin Plaintiffs from their long ongoing and continuing practice, custom, or policy of inflicting cruel & unusual punishments to garner a confession," and noting the state's "over-sentencing," "abuse of process," inadequate medical care and refusal to accept his affirmative defenses). Rodriguez has not established a proper basis for removal, and the court lacks jurisdiction to consider this matter. To the extent Rodriguez seeks to initiate a federal habeas corpus or civil rights action, removal is not the appropriate avenue and such an action may be premature in any event. *See generally Younger v. Harris*, 401 U.S. 37, 43–54 (1971) (under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances

      Accordingly, IT IS HEREBY ORDERED:

      1. The action is REMANDED to the San Joaquin County Superior Court.

      2. The Clerk of Court shall serve a certified copy of this order on the Clerk of the San Joaquin County Superior Court, Stockton Branch, and reference the state case number (SP17-33663) in the proof of service.

      3. The Clerk of Court shall close this case and vacate all dates.

      IT IS SO ORDERED.

DATED: December 13, 2017.

_____
UNITED STATES DISTRICT JUDGE